OWENS, Circuit Judge,
dissenting:
On the morning of November 15, 2010, Anthony Brenes walked around a parking lot with a cane and at one point threw a rock. Less than three minutes after police arrived to ensure public safety, Brenes was dead. Whether bean bag rounds and taser jolts failed to stop his walking is, in my view, irrelevant. What matters—and what a jury should decide—is if the officer reasonably believed that deadly force was needed to save his own life. See, e.g., A.K.H. v. City of Tustin, 837 F.3d 1005, 1012-14 (9th Cir. 2016) (affirming denial of qualified immunity to officer who “escalated to deadly force very quickly” after the suspect, whose crime did not “involve[] the use of serious or deadly force,” failed to immediately take his hand out of his pocket); Glenn v. Washington County, 673 F.3d 864, 866, 873-74, 878 (9th Cir. 2011) (reversing grant of summary judgment to officers who, within four minutes of their arrival, shot with bean bag rounds and then fatally shot the suicidal and intoxicated 'victim, who did not comply with orders to put down a pocketknife, which he did not brandish at anyone). There are too many unanswered questions to take this question away from the jury.